CHRISTA M. OKON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Okon
Docket No. 18247-91
United States Tax Court
T.C. Memo 1993-24; 1993 Tax Ct. Memo LEXIS 35; 65 T.C.M. (CCH) 1783; January 21, 1993, Filed *35 Christa M. Okon, pro se. For respondent: Thomas Eagan. SHIELDS
SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: This case is before us at this time on respondent's motion to dismiss for failure to state a claim and for damages under section 6673. Respondent determined deficiencies in and additions to petitioner's Federal income taxes for 1985 and 1986 as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
1985
$ 739
$ 184.75
$ 36.95
1986
2,283
570.75
--  Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
6654
1985
[1]
--
--
--
1986
--
$ 114.15
[2]
$ 110
All section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court *36 Rules of Practice and Procedure. The issues to be decided are: (1) Whether we have jurisdiction over the subject matter of this case; (2) if so, whether the petition should be dismissed for failing to state a claim upon which relief can be granted; and (3) whether damages should be awarded under section 6673. Petitioner, an independent paralegal, and a resident of Santa Fe, New Mexico, at the time that she filed the petition in this case, is obviously intelligent and reasonably well educated. Upon learning that petitioner had apparently failed to file Federal income tax returns for 1985 and 1986, respondent's service center mailed to her at 105 E. Marcy, Santa Fe, New Mexico 87501 the usual form letters requesting return information. In a letter to respondent's service center dated March 18, 1991, petitioner acknowledged receipt of the form letters and advised that her then-current home address was 1490 S. St. Francis Drive, Santa Fe, N.M. 87501. In the same letter petitioner also advised respondent that she "would appreciate your directing all future mail to me at * * * Post Office Box 1381, Santa Fe, New Mexico 87504-1381." In addition, petitioner stated: In order to determine *37 whether you are authorized to receive such return information I would appreciate your furnishing me with your full name, employee or IDRS number, group and branch number, and the name of the commissioner for whom you work. In addition, please send me a photocopy of your commission and delegated authority order and a copy of the document which says that I did not file. In closing, I wish to point out to you that I am a citizen of the United States, that I was at no time during 1985 or 1986, or indeed ever, a citizen living abroad, nor have I earned income from outside the United States, nor do I earn income through the importation of articles into this country and further, I have never earned a dime through the manufacture or sale of alcohol, tobacco, firearms or narcotics.
In separate notices mailed to petitioner on May 13, 1991, respondent determined deficiencies in and additions to tax due from petitioner for the taxable years 1985 and 1986. In the notices, respondent calculated petitioner's income for each year from Forms W-2 filed with respondent. Each deficiency notice was mailed by respondent to petitioner at 105 E. Marcy, Santa Fe, N.M. 87501 and not to Post Office *38 Box 1381, Santa Fe, N.M. 87504-1381, as requested by petitioner in her letter of March 18, 1991, or to her home address as shown in the same letter. On August 8, 1991, petitioner mailed a letter to this Court. In the letter, which was received by the clerk's office on August 12, 1991, petitioner requested an extension of 60 days in the time within which she could file a petition from respondent's notices of deficiency. By order dated August 15, 1991, the Chief Judge directed the clerk to file petitioner's letter as a petition even though it did not comply with our Rules regarding form, content, or the payment of filing fees. The order also provided that if petitioner failed to file on or before October 15, 1991, a proper amended petition and pay the filing fee, her petition would be dismissed. On or before October 15, 1991, petitioner filed an amended petition and on December 16, 1991, respondent filed a motion to dismiss the amended petition for failure to state a claim, which was heard in Albuquerque, New Mexico, on March 16, 1992. Subsequent to the filing of respondent's motion to dismiss, the Court received the following from petitioner: (1) A motion to strike respondent's *39 motion to dismiss (this motion was filed by the Court on January 16, 1992, as an objection to respondent's motion to dismiss); (2) a second amended petition which was filed on October 18, 1991; and (3) a third amended petition which was received by the clerk on March 4, 1992, and noted as lodged. Petitioner also appeared at the hearing on March 16, 1992, and opposed respondent's motion to dismiss. From a review of all of the above, it is apparent from the outset that petitioner has failed to comply with our Rules. Instead she persists in advancing very contrived arguments to the effect that respondent's deficiency notices are invalid because (1) the provisions of the Internal Revenue Code do not apply to her since during 1985 and 1986 she was not a citizen of the United States who was living abroad; and (2) Fred T. Goldberg, the Commissioner of Internal Revenue and the person in whose name the deficiency notices were issued, had no authority to determine deficiencies in or additions to her income tax for such years. Petitioner argues that respondent's motion to dismiss should be denied because it was untimely under Rule 36(a) and, contrary to Rule 54, it improperly seeks two forms *40 of relief, i.e., dismissal of her petition and an award of damages under section 6673. Finally, petitioner contends that we do not have jurisdiction because the deficiency notices were invalid as a result of being mailed to the wrong address. The exact factual or legal basis for petitioner's arguments, if any exists, does not appear from the record primarily because of her failure to comply with Rule 34(b), which in pertinent part requires the clear and concise assignment by petitioner of "each and every error which * * * petitioner alleges to have been committed by the Commissioner in the determination of the deficiency" as well as "clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Nevertheless, we will discuss each of petitioner's contentions beginning with her argument that respondent's motion should be denied because it was untimely under Rule 36(a), which provides that respondent has 45 days from the date that a petition or an amended petition has been served to make a motion with respect to such pleading. Generally speaking under the Rules, the day on which an act or event occurs from which a designated period of time *41 begins to run will not be counted. Rule 25(a). Since petitioner's first amended petition was served on respondent on November 1, 1991, the 45-day period which respondent had under Rule 36(a) for filing a motion with respect to the first amended petition began on November 2, 1991, and expired on December 17, 1991. It is apparent, therefore, that respondent's motion, filed on December 16, 1991, was timely. Rule 54 provides that motions shall be separately stated and not joined together. However, the Rule does not apply to requests for relief that are integrally related such as respondent's motion for damages under section 6673, which is contingent upon our allowance of respondent's motion under Rule 40 to dismiss the petition for failing to state a claim. Consequently, respondent's motion to dismiss and to assess damages under section 6673 does not constitute a violation of Rule 54. Petitioner next asserts that we lack jurisdiction over her case because respondent failed to determine deficiencies and because respondent failed to mail notices of deficiency to the address for her which was last known to respondent. It is well settled that either party, or the Court sua sponte, *42 can question jurisdiction at any time. ; ; . It is also settled that when raised the question of jurisdiction must be resolved and that we have jurisdiction to make the determination. ; . For this Court to have jurisdiction, respondent must determine a deficiency in a taxpayer's tax liability and issue a valid notice of the deficiency to the taxpayer. Furthermore the taxpayer must file a timely petition with this Court. Secs. 6212(a) and 6213(a); ; , affd. . Petitioner has obtained copies of the administrative file maintained by respondent with respect to her tax *43 liability. She contends that the codes that have been placed on her records indicate that she was not required to file income tax returns for 1985 and 1986, that respondent has erroneously ignored those codes, and, therefore, respondent has not made a valid determination of deficiencies. Notwithstanding any alleged error which may appear in the use of respondent's internal codes, there are several undisputed facts in this case. First, for each of the years 1985 and 1986 petitioner was employed and received compensation for her services. Second, Forms W-2 were filed with respondent showing the amount of compensation petitioner received during those years. Third, petitioner did not file an income tax return for 1985 or 1986 with respondent. Finally, respondent mailed the notices of deficiency to petitioner at 105 E. Marcy, Santa Fe, New Mexico. It is also undisputed that petitioner received both notices of deficiency in sufficient time to timely file documents with this Court which were treated as a petition. If respondent determines that there is a deficiency in a taxpayer's income tax, respondent is authorized to send a notice of such deficiency to the taxpayer by registered *44 or certified mail. Sec. 6212(a). A presumption exists that a deficiency set forth in a notice of deficiency was determined unless the notice of deficiency reveals on its face that respondent failed to make a determination. ; see also , affg. an Order of this Court; , revg. . Petitioner has made no attempt to overcome the above presumption. Furthermore, in the present case, each of respondent's deficiency notices clearly indicates that respondent obtained the amount of income earned by petitioner in each year by reference to "records and information available" to respondent, i.e., the copies of Forms W-2 that had been previously filed with respondent. With the income obtained from the Forms W-2, respondent proceeded to compute petitioner's tax liability for each year and, since petitioner had not filed a return, the tax liability determined by respondent for each year was her deficiency in *45 tax for that year. Respondent also determined the additions to tax as set out in each notice of deficiency. In view of the foregoing, it is apparent that respondent determined deficiencies as set out in the notices of deficiency and petitioner's contention to the contrary has no merit. Petitioner also challenges our jurisdiction because the deficiency notices were not mailed by respondent to her at Post Office Box 1381, Santa Fe, New Mexico, as requested in her letter of March 18, 1991, or to her at 1490 St. Francis Drive, Santa Fe, New Mexico, her new home address which was also included in the same letter. As set forth above respondent mailed the notices to her former address, 105 E. Marcy, Santa Fe, New Mexico. Section 6212(b)(1) provides that a notice of deficiency "shall be sufficient" if mailed to the taxpayer at the last address known to respondent. This provision merely creates a safe harbor address where respondent can safely send a deficiency notice. ; . However where, as here, the last address known to respondent *46 is not used, such failure does not invalidate the notice of deficiency if the taxpayer receives actual notice of the determination of the deficiency in sufficient time to file a timely petition. , affg. ; ; ; . On this record, we find that petitioner received actual notice of respondent's determination of the deficiencies without prejudicial delay. Her letter to the Court clearly reveals that she was aware of respondent's determinations. Moreover, the filing of that letter as a timely petition afforded her additional time in which to file an amended petition and negates any suggestion that she was deprived of an opportunity to petition this Court for a review of respondent's determinations. We conclude, therefore, that petitioner received what the statute requires, i.e., actual notice of respondent's determinations in sufficient time to *47 permit her to file a timely petition. Therefore, we have jurisdiction. We turn now to respondent's motion under Rule 40 to dismiss the petition for failure to state a claim. Rule 34(b) provides that a petition shall contain both clear and concise assignments of the errors that a petitioner alleges respondent to have made, and clear and concise lettered statements of the facts upon which the assignments of error are based. If a petition complies with these requirements, it will provide the Court with the legal and factual basis which the taxpayer contends is in support of her position. The record in this case clearly establishes that the petition and amended petition do not comply with Rule 34. The petition as amended merely challenges the authority of respondent and asserts that petitioner is not subject to Federal income tax. Petitioner denies neither the receipt of income during 1985 and 1986 in return for services nor her failure to file returns for such years. Instead, she has merely presented a series of tax protester arguments that this Court has rejected and will no longer discuss in detail. See ; *48 ; , affd. . We conclude, therefore, that petitioner has failed to state a claim upon which relief can be granted and respondent's motion to dismiss will be granted. Under section 6673 we are authorized to impose against a petitioner a penalty not in excess of $ 25,000 if it appears that: (1) The proceedings were instituted or maintained primarily for delay; (2) the taxpayer's position is frivolous; or (3) the taxpayer unreasonably failed to pursue available administrative remedies. Under the circumstances outlined herein we believe that the imposition of a penalty under section 6673 is justified because petitioner, a reasonably well educated and intelligent paralegal, has persisted in advancing frivolous tax protester arguments which have been previously rejected by this Court. Accordingly, a penalty under section 6673 in the amount of $ 1,500 will be imposed. An appropriate order and decision will be entered. Footnotes
1. 50 percent of the interest due on $ 739, the underpayment of tax for the taxable year 1985 attributable to negligence.↩
2. 50 percent of the interest due on $ 2,283, the underpayment of tax for the taxable year 1986 attributable to negligence.↩